UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

<u>Louis Kwame Fosu</u>

    v.                                    Case No. 21-cv-279-SJM-AKJ

<u>University of Rhode Island</u>
<u>Board of Trustees, et al.</u>

O R D E R

    Louis Kwame Fosu brings claims against his former employer, the University of Rhode Island, its Board of Trustees, and officials at the University of Rhode Island, alleging violations of his First and Fourteenth Amendment rights and claims under Rhode Island law.  Doc. no. 36.  Fosu's legal counsel withdrew from representation in late 2023.  Since then Fosu has represented himself. In March of 2024, Fosu moved to disqualify the presiding judge and filed a judicial conduct complaint, which caused the court to stay the case for several months.

    When the stay was lifted, Fosu moved for leave to withdraw from the case and to have the case transferred to the United States District Court for the District of Columbia.  Doc. no. 67.  In response, defendants moved to dismiss the case with prejudice.  Doc. no. 68.  Fosu again moved for the presiding judge to recuse from the case, which motion was granted, and the

case was reassigned.[1]  Following the recusal of all other judges in the District of Rhode Island, the case was assigned to this judge, sitting in the District of Rhode Island by designation. Doc. nos. 78, 79, & 80.

After reassignment, Fosu filed a "motion to reconsider and vacate order transferring venue to the District of New Hampshire" and to have the case transferred to the District of Columbia instead.  Doc. no. 81. Defendants filed a response to that motion.  Doc. no. 82. Defendants also move for expedited consideration of the pending motions. Doc. no. 83.

I. Motion to Vacate Transfer and Venue

In support of his motion to vacate transfer of the case to the District of New Hampshire, Fosu argues that the "transfer to New Hampshire was unsupported by statutory authority, factually unrelated to any party or event, and appears retaliatory in light of Plaintiff's successful motion for recusal of Chief Judge John J. McConnell."  Doc. no. 81, at 2.  Fosu states that if this court denies his motion to vacate transfer, he will file a petition for a writ of mandamus in the First Circuit Court of

---

[1] The presiding judge stated that Fosu continued to make false and incendiary statements about him and that "[a]fter years of false accusations from Mr. Fosu, the Court has finally reached its limit in its ability to be fair and impartial to Mr. Fosu in this case." Doc. no. 72.

Appeals.  He argues that the case should be transferred to the District of Columbia based on his belief that there is prejudice against him in the District of Rhode Island because of his race and his political views.

Fosu is mistaken about the procedural posture of his case. It was not "transferred" to the District of New Hampshire. Instead, because the judges in the District of Rhode Island have recused, the case was reassigned to the undersigned judge who is sitting by designation, for purposes of this case, in the District of Rhode Island.  The case remains in the District of Rhode Island.

As plaintiff, Fosu chose to file the case in the District of Rhode Island.  Jurisdiction and venue are proper.  He now seeks to transfer the case to the District of Columbia, both in his motion to vacate and in a separate motion for change of venue (doc. no. 70).  But he provides no cognizable grounds warranting a transfer of the case to the District of Columbia, and, in particular, he has not shown a necessary predicate--that the case could have been brought in the District of Columbia. See 18 U.S.C. § 1404; McKinney v. Wing, No. 25-cv-355, 2025 WL 3041801, at *2 (D. Me. Oct. 31, 2025).  Therefore, his requests for transfer or a change of venue to the District of Columbia are denied.

II. <u>Fosu's Motion to Withdraw and Defendants' Motion to Dismiss</u>

Fosu moves to withdraw his appearance in this case because he believes that he cannot receive fair consideration of his claims, and due to alleged fraud on the court, perjury, and conspiracy. He contends that "only a special prosecutor from the U.S. Department of Justice or a highly seasoned litigator possesses the requisite expertise to navigate these challenges and confront the entrenched misconduct." Doc. no. 67, at 2. The court understands that, by withdrawing from the case, Fosu intends to voluntarily dismiss his claims under Federal Rule of Civil Procedure 41(a)(2) in order to proceed elsewhere or to bring a complaint against defendants in the Department of Justice.

Rule 41(a)(2) provides that if the circumstances in Rule 41(a)(1) do not apply, which they do not here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule allows a plaintiff to voluntarily dismiss his own case as long as no other party will be prejudiced [and] the court is responsible for ensuring that such prejudice will not occur." <u>Cason v. P.R. Elec. Power Auth.</u>, 770 F.3d 971, 976 (1st Cir. 2014) (internal quotation marks omitted). It is the defendant's burden, however, to demonstrate that "it would suffer some plain legal prejudice as a result . . . as opposed

4

to facing the mere prospect of a second lawsuit." Id. Dismissal under Rule 41(a)(2) generally is without prejudice, absent reasons to dismiss claims with prejudice. Id.

Defendants do not oppose dismissing Fosu's claims, but they argue that the dismissal should be with prejudice, under Federal Rule of Civil Procedure 41(b), because of Fosu's "vexatious misbehavior" that has delayed progress of the case. Doc. no. 68, at 3. Defendants cite Fosu's attacks on the presiding judge, defendants, and defendants' counsel, as well as his failure to appear at the scheduled status conference to restart the case following the stay imposed when Fosu filed a judicial conduct complaint against the presiding judge. Instead of attending the status conference, Fosu moved to withdraw from the case. Doc. no. 67.

The court acknowledges that the procedural history in this case, after Fosu's counsel withdrew from representation in October and November of 2023, includes conduct by Fosu that is inconsistent with expected practice but, while dismissal with prejudice might well be supportable under Rule 41(b), given his pro se status and the availability of effective control measures should this case be refiled, the court will grant Fosu's motion to withdraw under Rule 41(a)(2) and dismiss the case without prejudice. Should the case be refiled in this district, it will remain with me, sitting by designation.

5

Conclusion

For these reasons, plaintiff's motion to withdraw (doc. no. 67) is granted to the extent that the claims are dismissed without prejudice, but any other relief that may be sought in that motion is denied. Should this case, or a substantially similar case be refiled in this district, it will remain with me as a related case.

Defendants' motion to dismiss with prejudice (doc. no. 68) is denied.

Plaintiff's motion to reconsider transfer (doc. no. 81) is denied. Plaintiff's motion for a change of venue (doc. no. 70) is denied. Defendants' motion to expedite (doc. no. 83) is denied as moot.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge
Sitting by Designation

January 27, 2026

cc:  Louis Kwame Fosu, pro se
     Counsel of Record